### Isaac B. Cowdrey *vs.* William S. Sheldon.

Middlesex. Jan. 9. — March 7, 1877. Colt & Ames, JJ., absent.

*A tenant in common with a judgment debtor is disqualified to act as an appraiser upon the levy of an execution on the latter's land.*

Writ of entry to recover one undivided eighteenth part of certain lands in Ashby and Townsend. The case was submitted to the Superior Court, and, after judgment for the tenant, to this court, on appeal, on an agreed statement of facts in substance as follows :

On December 14, 1872, Joseph Howard and William Sheldon caused the interest and estate of Albert N. Wheeler, who then owned one undivided ninth part of the lands in question, to be attached on separate writs, which were duly entered and prosecuted to final judgments. On July 19, 1873, executions thereon were duly taken out and levied upon Wheeler's interest and estate in said lands, in the following order: 1st. The execution in favor of Howard was levied, and one undivided eighteenth part of the lands was set off, and seisin and possession thereof delivered to him. 2d. The execution in favor of Sheldon was levied, and the remaining undivided eighteenth part of the lands belonging to Wheeler (being the demanded premises) was set off, and seisin and possession thereof delivered to him.

Howard was appointed by the officer as appraiser, and acted as such in the levy and set-off under the execution in favor of Sheldon, who, by the officer's return, was to hold the land " in common with Joseph Howard." Neither Wheeler nor the demandant was present or took any part in the proceedings under

<hr>

* See *Guild* v. *Butler, post,* 498.

the executions.   In March, 1873, Wheeler conveyed his interest and estate in the lands to the demandant.   In February, 1875, Sheldon died, and the tenant was his only heir at law.

*W. S. Stearns*, for the demandant.

*F. A. Worcester*, for the tenant.

GRAY, C. J.   It appears on the face of the officer's return upon the execution in favor of William Sheldon, under which the tenant in this action claims title, that Joseph Howard, one of the appraisers appointed by the officer, was tenant in common with the execution debtor.   This appraiser and the debtor had therefore precisely similar titles, and a unity of possession, in the same land; and, by reason of such interest, the one was disqualified to act as a juror in a case relating to the other's interest in the land, or as an appraiser in determining the price at which his interest should be applied in satisfaction of his creditor's demand.   Co. Lit. 157 *a*.   Trials per Pais (8th ed.) 166.   *Davis* v. *Allen*, 11 Pick. 466.   Gen. Sts. *c.* 103, § 3.   *Wolcott* v. *Ely*, 2 Allen, 338.

The cases cited for the tenant are quite distinguishable.   In *Cutting* v. *Rockwood*, 2 Pick. 443, the appraiser, whose disqualification, by reason of interest in favor of the debtor, the debtor and those claiming under him were held to be estopped to assert, was appointed by the debtor himself.   In *Chamberlain* v. *Doty*, 18 Pick. 495, the estate levied upon was a life estate, and the appraiser had only an estate in reversion ; and the suggestion that he was not disqualified was aside from the decision, which held the levy to be bad upon another ground.

*Judgment for the demandant.*